***AMENDED ALD-238**　　　　　　　　　　　　　　　　　　　　　　**July 25, 2019**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　July 18, 2019

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **19-1607**

AMRO ELANSARI,
　　　Appellant

　VS.

GOLF CLUB APARTMENTS, ET AL.

　(E.D. Pa. No. 2-18-cv-04171)

Present:　　MCKEE, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

　　　Submitted are:

　　　(1)　By the Clerk for possible dismissal due to a jurisdictional defect;

　　　(2)　By the Clerk the within appeal for possible dismissal under 28 U.S.C. § 1915(e)(2)(B);

　　　(3)　By the Clerk is the within appeal for possible summary action under 3rd Cir. LAR 27.4 and Chapter 10.6 of the Court's Internal Operating Procedures; and

　　　(4)　Appellant's document entitled "Brief in Support of Reversal"

　　　**\*(5)　Appellant's document entitled "Supplemental Brief-Under Seal"**

　　　in the above-captioned case.

　　　　　　　　　　　　　　　　　　　　　　Respectfully,

　　　　　　　　　　　　　　　　　　　　　　Clerk

_____ORDER_____

The foregoing appeal is dismissed for lack of jurisdiction as the appeal is taken from an order that is not final. As a general rule, we may hear appeals only from final orders of the District Court. See 28 U.S.C. § 1291. A final order ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Republic Natural Gas Co. v. Oklahoma, 334 U.S. 62, 68 (1948). The order must end the litigation as to all claims and all parties. Andrews v. United States, 373 U.S. 334 (1963).

Elansari seeks to appeal the District Court's denial of his motion for leave to file an amended complaint. However, the District Court had already dismissed the matter without prejudice for failure to file an IFP application or pay the filing fee, and Elansari may pay the fee or file a detailed IFP application in compliance with the District Court's October 1, 2018 order to correct that deficiency. See Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003) (denial of IFP motion without prejudice not final if defect can be cured); see also Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam) ("Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."). No subsequent order entered by the District Court was final, and the denial of a motion to amend is not independently appealable. See In re Kelly, 876 F.2d 14, 15 (3d Cir. 1989) (denial of motion to amend pleadings not final). Because there is no final order, we lack jurisdiction over the appeal and thus will not reach the issue of possible dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action.

We acknowledge Elansari's assertions in his District Court pleadings that he has paid the filing fees. There are no docket entries indicating that the filing fees have been paid, and Elansari has submitted no receipt or other paperwork reflecting payment of the fees. Elansari may wish to file a motion to reopen with the District Court to allow it to resolve this issue. We express no opinion on the merits of such a motion.

By the Court,

s/Stephanos Bibas
Circuit Judge

Dated: August 22, 2019
JK/cc: Amro A. Elansari

A True Copy:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate