September 20, 2019

Re: Elenseri v. GolfClub Apts, et al.   18-4171

To the Court:

Last year - I came to this court in a time of need
        - with a standard wrongful eviction case
        - like I'm entitled to do so under the law.

And - instead of granting justice/relief
        - you feigned ignorance
        - played "legalese"
        - and denied me justice and due process
        - and caused me unimaginable problems

I hope you feel really good about
Yourself Timothy Savage...

You should retire

You are a traitor
to the U.S. Constitution

Third Circuit says case is open
You implied Amended Complaint
Grant When you dismissed without prejudice
(See: Justice Kearney) (Elenseri v. Altrize)

Amro ⤷ Red Coats
        ⤷ Nazis
        ⤷ Savage
⤷ so you are just

IN THE U.S. DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Amro Elansari | : | |
| Plaintiff | : | |
| Vs. | : | No: 18 - 4171 |
| Golf Club Apartments, et al. | : | |
| Defendants | : | |

## **NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THE PHILADELPHIA BAR ASSOCIATION MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

/S/ AMRO ELANSARI
LIBERTY AND JUSTICE FOR ALL

IN THE U.S. DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Amro Elansari | : | |
| Plaintiff | : | |
| Vs. | : | No: 18 - 4171 |
| Golf Club Apartments, et al. | : | |
| Defendants | : | |

## <u>AMENDED COMPLAINT AT LAW AND IN EQUITY</u>

AND NOW, comes the plaintiff, Amro Elansari, to present the instant complaint and in support

thereof avers as follows:

1. The American flag has been taken. The broken English maintenance workers told by their

English speaking supervisor to tear down a political and religious free speech representation in

protest of their unlawful discrimination of the Plaintiff - but the terror that would come from this

incident would not be the only type in this case of corruption, discrimination, and injustice.

2. Not only is the housing organization being called to responsibility in this case, but the

numerous judicial officials who have engaged in a very specific and systematic conspiracy to

circumvent due process, the constitution, justice, accountability, and responsibility in the form of

a carefully planned form of institutional racism and discrimination which is unlawful.

3. And the interrelated actions of the remaining Defendants are all intertwined in this complex

system of unlawful institutional racism are all incorporated in this case through the doctrine of

supplemental jurisdiction. This is a case about the American flag that has been taken.

## PARTIES

4. Amro Elansari, the Lead Plaintiff and Victim of each of the following Defendant's actions.

5. Golf Club Apartments in West Goshen, Pennsylvania. Luring the Plaintiff in an uninhabitable studio apartment for $1,100 a month, and a $500 transfer fee, they increased the fee to $1000 which was a breach of contract. Then they cancelled the Plaintiff's transfer when he said he would pay the fee in retaliation to his opposition to the fee and other breach of contract. Furthermore, they unlawfully converted property from the Plaintiff including political speech and the American flag and also initiated eviction procedures despite their initial promise of Apartment Unit F-24 being where the Plaintiff was transferring to. The reason the Plaintiff was transferring was due to numerous disturbances by the neighbors in the form of banging on the door because of a medical cannabis odor that never really existed which is technically discrimination based on medical condition in housing as well.

6. The Harbor Group International, the Parent Company of Golf Club Apartments, responsible for the administrative decision making that gave rise to the incidents in this matter.

7. Nicholas S. Lippincott, the fraudulent and corrupt conspirator in a judicial scheme known as the "Senior Judge shuffle" where a senior judge comes into a case and rules absurdly offensively, discriminatorily, and legally incorrectly, knowing that they bear no responsibility to the electorate. Despite the PHRA and housing discrimination affirmative defenses raised, Lippincott with the prejudicial and intentionally tortious attitude nonchalantly found against the Plaintiff and made him to appeal a $3,000 judgment for an uninhabitable hostile apartment the Plaintiff was supposed to move out of in the first place.

8. William D. Kraut, corrupted and fraudulent Judge in West Goshen township, conspired with Lippencott to perform the institutionally prejudicial and racist tactic known as the "Senior Judge Shuffle" to specifically deprive the Plaintiff of the due process of law and open access to the court system.

9. Robert J. Shenkin, senior judge assigned to a civil lawsuit the Plaintiff filed in equity to either open up the apartment promised or prevent the unlawful eviction until the matter was decided upon in equity without the requirement of a fee for an uninhabitable apartment that the Plaintiff never agreed to stay in beyond the month of June. Ignored, Slenkin continued to recommend the bar association that the Plaintiff went to and was referred to some of the most atrociously incompetent attorneys, one of which promised to help the Plaintiff in their eviction case and then reneged on his promise as the events unfolded (Attorney Mark Cronin)., thereby completely depriving the Plaintiff of the opportunity to be heard as they are entitled to under the procedures of law.

10. The following days as the Plaintiff is fighting nonstop to prevent the impending unlawful eviction, Judge Griffith grants Golf Club Apartments 10 days to respond to the petition to prevent the eviction. As the days towards the eviction impend, no decision is made and the time for eviction imminently comes. The 10 days was completely insensitive to the situation and instead an institutionally racist and disrespectful tactic to cause the Plaintiff serious bodily harm in the form of an unlawful eviction.

11. Mark L. Tunnell, also in on the conspiracy, is another judge that denied an emergency petition and a hearing on the petition in as imminent of a time to the eviction as possible and is also a party to this entire act of institutional racism depriving a person of the due process of law.

12. Considering their case guaranteed with the passage of the new medical cannabis law, the Plaintiff went to the Superior Court of Pennsylvania to appeal this completely unfair series of events. To no avail, a careless, disrespectful dismissive judgment was issued in complete disregard to the situation and the rights of the Plaintiff in that matter. But this is not the first time the Superior Court has completely disregarded the arguments of the Plaintiff, it is actually the third. There are also two other cases in which the Superior Court, disregarding the constitutional law principles argued for, took the completely serious issues raised and barred them from consideration due to the simplest structuring matter in the brief - addressing rational basis as one subtopic and strict scrutiny as one subtopic instead of addressing the issue of constitutionality as a whole. Led by Jack Panella, yet another senior judge, William H. Platt, and Anne E. Lazarus, as well as Susan Gantman all commit the institutionally racist practice of pointing to such a little procedural matter such as the categorization of subcategories in a brief to allow for tremendous injustices and violations of due process to take place as well as barring the Plaintiff from the opportunity to be represented as they are entitled to under the due process of law. This is complete and utter institutional racism at its very clearly identifiable core and all of these individuals are called to responsibility.

13. Members of the Superior Court of Pennsylvania, who time and time again have barred the Plaintiff from open access to the courts, are also implicated in this system of corruption and institutional racism. Furthermore, their scandals such as the pornography scandals and allowance of Pennsylvania to have the single most corrupt judicial system is a critical detriment to the integrity of law in this state and a serious danger to the principles of American democracy. Their allowance of institutional racism unequally against African Americans and socioeconomic

minorities is clear, identifiable, and continuous through this very moment which is why it is critical that the members of this corrupted institution be held accountable.

14. Thomas Kistler, former judge in Centre County, Pennsylvania, Pamela Ruest, Jonathan Grine, Jonathan Grine Senior, Stacy Parks-Miller, and Jessica Lathrope are all parties to this case as well in their individuals capacities for refusing to grant the Plaintiff the opportunity to speak constituting deprivation of rights under the color of the law. Jake Corman, their fuel.

15. Ashley Delker, probation officer in Centre County, is also a party to this case, having specifically acted in a way to harm the Plaintiff by causing his incarceration for an additional 3 months "to think about how much marijuana has brought (the Plaintiff) back" when she knew that he had a medical condition prescribed by law that warrants the necessity for cannabis.

16. Probation officer Emilia Ragazza in Chester County is also a party to this lawsuit, having specifically said that the Probation Office in Chester Country "was not going to recognize the medical marijuana cards when they come out - we don't care - we can do what we want" which constitutes unlawful discrimination based on medical condition under federal and state law.

17. The members of the Pennsylvania Supreme Court, who are too busy looking up pornography on their computers instead of science and news regarding the legalization of pot nationwide due to its medicinal use, are all parties in this case, specifically Thomas G. Saylor, Max Baer, Debra Todd, Christine Donohue, Kevin Dougherty, and David Wecht for their combined institutional racism and obstruction of justice as well as fair and open access to the justice system resulting in damage to the integrity of the law. Michael Eakin and Seamus McCaffery are also included for their damage to the integrity of law and a review of all actions stemming from this corrupt judicial system for civil rights violations of caused by these people is requested.

18. Barbra S. Gilbert, a local magistrate in Philadelphia is included in this case for corruption and false representation resulting in obstruction of justice through the instrument of institutional racism of which this case is about.

19. Gary S. Glazer, from the Philadelphia Court of Common Pleas, is included in this case for corruption and false representation resulting in obstruction of justice through the instrument of institutional racism.

20. Best Buy Inc. is included in this litigation for the bait and switch tactics in violation of consumer protection laws that gave rise to the litigations in Philadelphia that resulted in institutional racism unlawfully barring the Plaintiff from justice and open access to the courts.

21. Dell Inc. is included in the litigation for its role in a bait and switch scheme implemented by Best Buy as well as the sale of a defective product to the Plaintiff that gave rise to the litigations in Philadelphia resulting in institutional racism unlawfully barring the Plaintiff from justice and open access to the courts.

22. Catherine, Contino, and the members of the Margolis Edelstein organization, representatives for Best Buy are defendants in this litigation as well for their role in the conspiracy and corruption designed to deprive the Plaintiff and those like him of open access to the justice system in violation of the law though a carefully coordinated scheme against consumers captured in evidence through investigation.

23. Edward Murphy, representative for Dell Inc., is included in this litigation as well for their role in the act of depriving the Plaintiff and those like him of open access to the justice system in violation of the law through the same.

24. Carmine W. Prestia, Gillette-Walker, Allen Sinclair, Thomas Jordan, and Steven Lachman collectively are called for in this case for this misuse of the bail system resulting in the unlawful deprivation of constitutional rights by many people, including the Plaintiff, that come through their system, making the reform of an institutionally racist bail system in Pennsylvania also the subject of this litigation. Officer Jones from Penn State Police as well. Thomas James and Gary Norton as well as William Abraham and Thomas Liepold from Columbia County

25. The Centre and Columbia County Correctional Facilities are subjects to this litigation for their inhumane conditions and treatments of inmates held at the facility in various ways including the deprivation of sunlight and oxygen, the exposure to fluorescent lighting directly 24 hours a day for months at a time, and the dangerously insufficient diets instituted at the place, constituting dangerous conditions for the people at the facility, making correctional facility reform a subject of this litigation as well.

26. Thomas L. Ambro, from the Third Circuit Court of Appeals, for their scoffing at the Plaintiff in medical need due to their mixcatagorization of the intake of cannabis through the respiratory system which is the most common way it is used constituting institutional racism.

27. Kent A. Jordan, who also signed their name to the Third Circuit opinion in 2015 barring the Plaintiff from justice through the tool of institutional racism is also a party to this case.

28. Cheryl Ann Krause, who also signed their name to the Third Circuit opinion in 2015 barring the plaintiff from justice through the tool of institutional racism is also a party to this case.

29. Michael Chagares, for their use of institutional racism to deprive the Plaintiff of justice when it was immediately necessary in October and November 2018 from the unlawful acts of Golf Club Apartments and the system of institutional racism concocted by these people.

30. Luis Felipe Restrepo, from the Third Circuit, who signed their name to an order barring the Plaintiff from fair access to the justice system at a time when it was imminently necessary.

31. Malachy E. Mannion, for their use of unlawful institutional racism and false representation to deprive the Plaintiff of justice over the previous several years in litigation.

32. Susan E. Schwab, for their use of unlawful institutional racism and false representation to deprive the Plaintiff of justice over the previous several years in litigation.

33. Timothy J. Savage, for their unlawful deprivation of the Plaintiff's constitutional rights to fair and open access to the justice system through the tool of institutional racism when the Plaintiff came to the Eastern District Court imminently in need of access to the open justice system.

34. Paul S. Diamond, for their unlawful deprivation of the Plaintiff's constitutional rights to fair and open access to the justice system through the tool of institutional racism when the Plaintiff came to them in urgent need in May of 2018.

35. The Commonwealth of Pennsylvania and the United States are named as Defendants in this case for violations of the 14th Amendment which is a claim that overrides sovereign immunity.

## MOTION TO RECUSE

36. As a Defendant to this litigation, it is hereby respectfully requested that the instant judge assigned to this case, Hon. Judge Savage, recuse themselves from the instant litigation.

## NOTICE TO DEFENDANTS

37. Over the past several years, each of you has taken specific steps to deprive me of my Constitutional Rights - not simply for the issue of pot - correct as it is - but you have specifically

taken steps to (1) deprive me of the opportunity to speak, (2) the opportunity to be truthfully and accurately represented, and (3) the full and open access to the due process of law.

38. Your signatures on every paper signed against me constitutes as evidence in this regard.

39. The facts, science, and statistics, such as the ACLU and Scholarly Reports showing direct racial disparities in the enforcement of pot laws and in the criminal justice system as a whole contribute to the evidence against you in this regard as well.

40. The totality of this evidence against you constitutes unlawful institutional racism and deprivation of rights under the color of the law, which is quite a serious claim and a claim in which I am seeking the maximum penalty.

41. You may have deprived me of cannabis the past several years, mislabeled me as a second class citizen, but what you have also done is deprive me of the opportunity to speak and access the law in general, which is a very big offense in the United States.

42. For something as trivial as pot, and my way of life, you have violated some of the highest laws of this land and it is my obligation to prosecute this to the fullest extent of the law.

43. The Red, White, and Blue goes back a lot further than you elitist, narcissistic, self-loving, corrupted, mommy and daddys boys and girls who have obviously had everything handed to them. I, having seen the lawlessness of Egypt, can actually appreciate the established system in the United States, but obviously the narcissism and wine has made the generation of you soft and highly corrupted which has caused you to act in such a way that you have been identified as Defendants in the instant litigation.

44. The evidence I have in writing from each of you constitutes evidence surpassing the 51% preponderance of the evidence threshold to establish a case against you, which leaves it up to each of you to defend the unlawfulness of your actions against me and others.

45. The worst mistake, in this entire case, is that I specifically trusted each and every single one of you to provide me with the American justice that is so talked about around the world.

46. I really believed that when I came to any local judge and told them people were using Cannabis in California to their benefit and it's not as bad as alcohol causing DUI deaths, and its use as a vital medicine for some people, I really believed that the Judge would be interested - seeing as how so many people are being arrested for something so harmless - and that we would work together to clear up the misunderstanding.

47. What I received instead was such a level of elitist narcissistic corruption and closed mindedness that was truly heartbreaking to witness.

48. I really trusted Judge Ruest and the Centre County Court to give me a fair hearing - and if I didn't win on constitutionality I could have at least won on Chapter 5 Justification - a legal and affirmative defense. The Senior Judge Grine (senior judge shuffle to escape liability) told me I had "five minutes left" five minutes into my defense as I was laying the foundation of my case.

49. I really trusted Judge Kraut or Judge Lippencott to grant me access to the apartment unit F24 that was promised to me by the apartment organization as well as the $500 transfer fee.

50. I really trusted every single person mentioned in this case to provide me and the people with the due process of law - honest and compassionate consideration and understanding.

51. Instead, what I recieved was a bunch of close minded elitist corruption of complete carelessness and lack of compassion resulting in representation in writing that is certainly not

true which constitutes fraud, and unlawful act, in a series of systematic acts and practice that constitute an unlawful deprivation of rights and liberties of people, mostly minorities and socioeconomic minorities, which is certainly unlawful the subject of this case. Suit yourselves.

52. I owe it to history, and all the great people who really make this country what it is, to write this case against you for the injustices you have acted upon the people and so this is the case for you to defend. Defend why you would not let me speak during a trial. Defend why you belittled the use of something you knew very well was used for serious medical conditions. Defend why you allowed for the unlawful discrimination in housing when the evidence clearly showed which party was correct. Defend your one sentence responses to entire cases without any type of consideration constituting institutional racism and obstruction of justice. Defend your fraudulent representations and schemes constituting corruption and violation of rights under the color of law which is a very clear cause of action.

## JURISDICTION AND VENUE

53. Jurisdiction is of this Court is invoked under Article III of the U.S. Constitution and 28. U.S. Code §1331(a) governing Federal Questions[1] as to whether or not the actions of these individuals

---

[1] **28 U.S. Code §1331(a)  - Federal Question** - The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

constitutes Deprivation of rights under color of the law in violation of 18 U.S. Code §242[2]. This

matter, clearly involving federal questions of deprivation of rights under color of the law.

54. The Defendants named in Central Pennsylvania, such as Defendant Kistler and Defendant

Ruest, are included in this action through supplemental jurisdiction pursuant to 28 U.S. Code §

1367 - Supplemental Jurisdiction[3].

55, Venue is proper since the most recent and most damaging of the actions caused by the

totality of these Defendants' actions has taken place here in the Eastern District and a majority of

the Defendants in this case being of Eastern District origin. Venue is proper pursuant to 15

U.S.C. § 80b-14 and 28 U.S.C. §1391 as most of the Defendants reside and regularly transact in

this District.

## SUBSTANTIVE ALLEGATIONS

## Deprivation of Rights Under Color of Law

56. The Defendants in this case are accused of Deprivation of Rights Under Color of Law in

violation of 18 U.S. Code §242 - Deprivation of rights under color of law. The statute states:

---

[2] **18 U.S. Code §242 - Deprivation of rights under color of the law** - Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

[3] **28 U.S. Code §1331(a) - Supplemental Jurisdiction** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

**18 U.S. Code §242 - Deprivation of rights under color of the law** - Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

57. Plaintiff is Pennsylvania born and educated in American history and due process of law since the 5th grade at Lionville Elementary School in Exton, Pennsylvania where he excelled through High School and was able to collect an extraordinary amount of specialized knowledge in the subject due to extraordinary educators. With the exposure to several lawyers in a law class, the Plaintiff specifically pursued a degree in law since the age of 18 by obtaining a 150 Credit Dual Degree in Economics and Political Science as well as a competitive score on the LSAT. The Plaintiff was admitted into Penn State Law starting August 2013 where they were continuously treated with a substantial amount of resentment and hostility for their medicinal use of cannabis caused by the institutional racism of the Defendants resulting in an ongoing litigation with the University.

58. Experiencing such problems with their legal education due to the misrepresentations of cannabis, the Plaintiff specifically went to each of the Defendants in this case for help to seek and establish justice to the issue. In no way was the Plaintiff's use of cannabis for pain relief anyway detrimental to society any more than all of the people dying from alcohol consumption and drinking and driving. To take such action as handcuffing and criminalizing an American for such a frivolous thing is beyond fathomable.

60. Details to be collected and presented during discovery, the Plaintiff went to everyone from James and Norton in Columbia County, to Ruest and Kistler in Centre County, to the Superior and Supreme Justices in Pennsylvania, to the Federal Judges and Justices in the Supreme Court - nothing. Not a single attention to detail, not a single care or compassion in the world.

59. Unfortunately, depriving someone of access to justice is unlawful deprivation of rights under the color of law.

60. If found liable, each of these Defendants is responsible for a penalty to be awarded to the Plaintiff as a matter of law.

61. Plaintiff is hereby seeking the maximum amount of penalties and damages to be awarded in their favor against the Defendants for their unlawful actions.

62. The combination of actions from all of these individuals - ranging from the wrongful conversion of the Plaintiff's American Flag by Golf Club Apartments - to the judges in Centre County that refused to grant the Plaintiff the opportunity to present a Justification defense at trial beyond their constitutionality defense - to the willful deprivation of rights by the remaining Defendants in this action - the American flag is disgraced and soiled as a result and action is immediately necessary. Plaintiff is pursuing these claims out of an ethical obligation and loyalty to the United States in theory and spirit - for every single person that contributed to making this country great - and not the people that contributed to holding it back.

63. Meanwhile at Best Buy, a carefully planned scheme to bait and switch consumers in violation of fair trade practices and Pennsylvania law is taking place with the evidence so

clear to prove it - but instead of providing justice, the corrupted Gilbert and Glaze let it slide for the big corporations Best Buy and Dell thanks to the inside relationships they have with Edward Murphy and they pull a fast one over the pro-se litigant as they're tossed into a myriad of costly appellate litigation - institutional racism depriving fair and open access to the courts. I'm tired of the institutional racism and prejudice.

64. The sneering, snarling of Jessica Lathrope, as she maliciously prosecutes the Plaintiff for a "Felony Trespass" when the Plaintiff had clear text message evidence that he was invited into the property and instruction to come up without receiving warning that an escort was needed to guide the Plaintiff in and out of the building (as most similar buildings have front desks or security if such a serious policy is enforced) - states at the preliminary hearing - as the Plaintiff is being held without bail due to the other bogus cannabis claims the same district attorney and Court charged and prosecuted me with before - states during the preliminary hearing - on record - even though it is irrelevant to the issue - she forces it to cause harm and physical incarceration to the Plaintiff:

"Isn't it true that you take *pride* in your use of cannabis?"

Referring to the Plaintiffs medical condition that necessitates the use of cannabis under Pennsylvania law as well as their religion. Specifically to prejudice and cause harm to the Plaintiff on the basis of these classes and statuses.

65. Ashley Delker, who at a hearing to be released from a 4 month long unlawful and inhumane incarceration with sunlight deprivation and exposure to 24 hour fluorescent lighting, is instead made to spend an additional 2 and a half months of incarceration because of Ashley Delker's statement that the Plaintiff

"Needs to think about how much marijuana has brought him back"

Referring to the Plaintiffs medicinal use of cannabis for a serious debilitating medical

condition specifically described in law.

66. And of course, Thomas Kistler, agrees with this needless recommendation and later on

gets into a DUI that he is on ARD for after hitting a security officer and fleeing - but he is

not charged with felony hit and run.

67. The combination of these actions in their totality, if not simply harmful for the

Plaintiff, constitute a much greater damage to the integrity of the law which is entirely

unacceptable and must be accounted for.

68. The following image constitutes the complexity of the system of institutional racism

practiced by the individual Defendants in this case:



And this is precisely the type of institutional racism that is being prosecuted in this case

practiced by the Defendants through the totality of their actions.

69. The law 'works' when a person is White and has money but 'doesn't work' when it's

someone with darker skin - completely unconstitutional to the highest extent.

70. Institutional racism is unlawful under **Rogers v. Lodge**, 458 U.S. 613 (1982) where a

totality of the circumstances can be used to infer institutional racism on the basis of

outcomes and results in violation of the 14th Amendment of the U.S. Constitution.

71. The ACLU and the ACLU of Pennsylvania have released numerous reports[4] [5]

indicating how minorities are as much as 3 times as likely to be affected negatively by

cannabis laws despite similar usage rates to the rest of the population.

72. The totality of the circumstances that the Plaintiff has experienced as a whole, as well

as those experienced by the population as a whole by the actions of the members of these

corrupted institutions, constitutes institutional racism in violation of the 14th Amendment

of the U.S. Constitution which warrants non-monetary equitable relief against the

governmental agencies and traditional relief against the Defendant transgressors in their

individual capacities.

73. Everything, from the arrest, to the deprivation of the opportunity to be heard, to the

criminal record that exists afterwards, to the breaches of contracts, to the evictions, are

challenged in this case and each of the individual Defendants is called to their

---

[4] **Article referencing ACLU Reports indicating racial disparity in the enforcement of cannabis laws**
https://www.aclu.org/blog/criminal-law-reform/drug-law-reform/hey-pennsylvania-legalize-marijuana-and-s
top-destroying
[5] **An article referencing disproportionate arrests of minorities for cannabis in Philadelphia**
https://www.phillyvoice.com/aclu-marijuana-arrests-rise-pennsylvania/

responsibility in these various transgressions and crimes against the people in the form of deprivation of rights under color of law.

## CLASS ALLEGATIONS

74. Plaintiff brings this action pursuant to Pennsylvania and U.S. law on behalf of himself and similarly situated citizens of the Commonwealth of Pennsylvania and the United States who have unlawfully been deprived of their rights under color of the law and impacted by such a deprivation. Class action status is requested in regard to the claims against Defendants Commonwealth of Pennsylvania, Best Buy Inc., and Dell Inc., and United States as the actions of these Defendants in particular affects numerous individuals

75. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or complaint.

76. Excluded from the Class are Defendant; any parent, subsidiary or affiliate of Defendant; any entity in which any Defendant has or had a controlling interest or which Defendant otherwise control or controlled; and any officer, director, legal representative, predecessor, successor or assignee of a Defendant.

77. This action is properly maintainable as a class action. As provided in law, the proposed Class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. There are questions of law or fact common to all Class Members that predominate over any questions affecting only individual members.

Specifically, the common questions of fact and law include regarding Pennsylvania and the United States include:

i. Whether the actions of corruption and false misrepresentation of the Defendants resulting in the unlawful deprivation of rights under color of law substantially in violation of the law damages the integrity of law warranting stake in the instant litigation

Ii. Whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

Iii. Whether Defendants should be enjoined from continuing in their actions and practices constituting an unlawful deprivation of rights.

69. With regards to Best Buy and Dell, the common questions of fact and law include:

i. Whether Defendant violated 73 PS § 201 *et seq.*;

ii. Whether Defendant breached Clearview's contract with Pennsylvania consumers by charging variable rates not advertised

iii. Whether Defendant breached the covenant of good faith and fair dealing by exercising discrepancies in its products advertised vs. in store in bad faith since the organization continued to engage in the practice even after they were sued for the same practice shortly before engaging in the same practice again.

iv. Whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

v. Whether Defendant should be enjoined from continuing to engage in fraudulent and deceptive advertising.

78. The proposed lead Plaintiff's claims, one or any of them, are typical of the proposed class because the proposed lead Plaintiff's claims are based upon the same facts and circumstances (practice or course of conduct) that gives rise to the claims of the other class members and based upon the same predominate legal theories.

79. The representative Plaintiff can adequately and fairly represent the class. No conflict of interest exists between the representative Plaintiff and the Class members because Defendant's alleged conduct affected them similarly.

80. The Plaintiff is familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution. In addition, the Plaintiff is competent in the areas of law relevant to this Complaint having initiated the matter upon their own initiative and has sufficient experience and resources to vigorously represent the Class Members and prosecute this action.

81. A class action is superior to any other available method for adjudicating this controversy. The proposed class is (i) the surest way to fairly and expeditiously compensate so large a number of injured persons that constitute the Class, (ii) to keep the courts from being inundated by hundreds or thousands of repetitive cases, and (iii) to reduce transaction costs so that the injured class members can obtain the most compensation possible. Accordingly, class treatment presents a superior mechanism for fairly resolving similar issues and claims without repetitious wasteful litigation relevant to this action.

**CLAIMS FOR RELIEF**

**COUNT I**

**Golf Club Apartments / The Harbor Group International**

**(Breach of Contract - $500 Transfer Fee)**

82. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein, and further alleges:

83. Plaintiff entered into an agreement with Golf Club Apartments for use of the H-32 location on their premises for a rate of $1106 per month for the period of January 2018 to November 2018. The Plaintiff was disturbed numerous times and asked to transfer, after which he was informed that the transfer rate had increased to $1,000.

## COUNT II

### Golf Club Apartments / The Harbor Group International

**(Breach of Contract - $1000 Transfer Fee)**

84. Agreeing to pay the $1,000 and informing them of a lawsuit for breach of contract, the organization representatives informed the Plaintiff several days before move in to the new unit promised to them, F-24, that the move would not be taking place. Constituting another breach of contract.

## COUNT III

### Golf Club Apartments / The Harbor Group International

**(Nuisance)**

85. Conducting physical therapy in the form of stretches in the small courtyard at the entrance of the premises to treat their injuries, the Plaintiff was approached by a representative from the organization and told that he could not continue as he was, thereby constituting a disruption in the normal and regular use of the property.

for $500 as initially agreed upon but also the transfer for $1,000, constituting an adverse action with the opposition of discrimination present thereby establishing a *prima facie* case and leaving the burden of proof on the Defendants to show that their action was not in retaliation as is made unlawful under the act.

## COUNT VI

### Golf Club Apartments / The Harbor Group International

### (Wrongful Conversion of Property - The American Flag)

92. To oppose the unlawful actions of the Golf Club / Harbor Group organization, the Plaintiff made a sign that said "Golf Club Discriminates" and hung it up for people to see along with an American flag.

93. The Golf Club / Harbor Group organization admitted at the Landlord Tenant hearing that it was responsible for the taking of that property and justified their reasoning that it was on the wall beside the Plaintiff's premises as opposed to on the balcony.

94. Regardless of their reasoning, which is also disputed, they have not returned that property to the Plaintiff to this very day, leaving the American flag and the Plaintiff's sign of protest wrongfully converted by the Defendant Golf Club / Harbor Group which is certainly against the law.

## COUNT VII

### Nicholas Lippincott

### (18 U.S. Code §242 - Unlawful Deprivation Under Color Of Law)

95. Plaintiff made the aforementioned allegations in a lawsuit brought against Golf Club and

Harbor Group in the Magistrate District Court of William J. Krautt and a hearing was scheduled

for August 29, 2018.

96. Plaintiff presented their case and indicated to Defendant that there were numerous breaches

of contract present as well as acts of unlawful discrimination based on medical condition which

was surely in violation of law. To the Plaintiff's shock and surprise, the Defendant nonchalantly

ignored the Plaintiff and issued a $3,000 judgement against him for a property that was never

agreed to leaving him with a $3,000 appeal to pay for to prevent eviction with the Defendant

Golf Club and Harbor Group refusing to make accessible the F-24 unit they initially promised.

97. The insufficient premise of Golf Club / Harbor Group given at this hearing was of the

Plaintiff's misrepresented criminal record issued by Thomas Kistler, Pamela Ruest, Jonathan

Grine, Jonathan Grine Senior, Stacy Parks-Miller, Jessica Lathrope, Thomas James, Gary

Norton, William Abraham, Thomas Liepold, Jeffrey Jones, Matthew Golla; the other

conspirators in this case.

98. But this reason is insufficient simply for the fact that they approved me with the same exact

record several months prior when they lured the Plaintiff in to rent the premises to begin with.

99. With no reason to find against the Plaintiff, Defendant Lippencott proceeded to carelessly

issue a judgment against the Plaintiff, apparently to preserve a status quo and uphold the attitude

of prejudice that constitutes unlawful institutional racism and deprivation of rights under law;

knowing very well that the process of appeal is difficult and costly and knowing very well that

there is no reason to prevent the Plaintiff from access to justice in the matter. Instead, the

attorney for Golf Club / Harbor Group - Alison Demedeiros, insists on bringing up an irrelevant

point that the Plaintiff is litigating an unlawful suspension against his law school at Penn State and uses it to cause the Judge to immediately prejudice the Plaintiff.

100. The actions of Nicholas Lippincott constitute a deprivation of rights under color of law which gave rise to the subsequent eviction that took place which substantially risked serious bodily harm to the Plaintiff as the law recognizes evictions can certainly cause.

101. The risk of causing serious and potentially fatal irreparable harm to the Plaintiff in this matter places Nicholas Lippencott in the intermediate category of violations of 18 U.S. Code §242.

## COUNT VIII

### William J. Kraut

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

102. Knowing this case is coming through their office, Kraut issues Senior Retired Judge Lippencott to take the case so they can prejudice this non-status quo case without Kraut being held accountable to the electorate for finding incorrectly and this is a systematic practice in Pennsylvania termed the "Senior Judge Shuffle" used by several other judicial officers to circumvent their responsibilities under the law.

103. By doing so, William J. Kraut is alleged to have deprived Plaintiff of rights under color of the law. If William J. Kraut was present and found as Lippincott did, I could have very well held him accountable for the decision in the following time. And that is precisely the deceitful tactic utilized by William Kraut and other judges across the commonwealth intentionally to circumvent their responsibilities and justice which is specifically in violation of the rights of the people and their due process rights.

104. A prima facie case is established simply through the facts of the Plaintiff being exposed to such a bogus process in the seat where they are elected and the burden of proof shifts on them to prove that it was not a conspiracy to deprive Plaintiff of their rights without being held accountable to the electorate.

## COUNT IX

### Robert J. Shenkin

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

105. Going to the Court of Common Pleas to avoid the disaster of unlawful eviction, and filing a case in equity instead of appealing the magistrate case because the Plaintiff should not be made to pay fees on an apartment other than the one that was originally promised to them (F-24), the Plaintiff filed in equity and for a stay of the eviction until they could pursue their claims for the new unit (F-24).

106. Instead, before even giving the Plaintiff a chance to speak, the Defendant indicated that he should consult with the bar association, even though the Plaintiff has already done this months before which led him to Mark Cronin, who promised to help him with the case and then abandoned the Plaintiff just as the events were unfolding.

107. This prejudice and not shutting up and listening when a citizen walks into their court is precisely the type of prejudicial institutional racism the Plaintiff is suing this Defendant for.

## COUNT X

### Edward Griffith

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

107. Edward Griffith gave Golf Club and Harbor Group 10 days to reply to the Plaintiff's request for a stay - which was just when the eviction was taking place - only to leave the Plaintiff hanging last minute with an abrupt denial the specific time of eviction.

108. The Plaintiff was entitled to the stay given the facts of the case presented, including the admitted promises of the Golf Club Organization, and Edward Griffiths actions were unlawful deprivation of rights under color of law.

## COUNT XI

### Mark L. Tunnell

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

109. Also supposed to grant judgment in favor of the Plaintiff in a separate emergency injunction filed to prevent the imminent eviction specifically the last day prior to the eviction, Mark L. Tunnell deprived the Plaintiff of this right and therefore also committed the act of unlawful deprivation of rights under color of law.

## COUNT XII

### Timothy Savage

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

110. I came to the Eastern District Court specifically to seek relief as I am entitled to in a case of unlawful eviction, and instead of consideration for the very real danger I was in, Timothy Savage is instead worried about some stupid filing fee and preventing me from accessing the electronic filing system to make the filing of a fully comprehensive amended complaint easier.

111. Timothy Savage's actions constitute obstruction of justice and interference with the fair and open accessibility of the Court System which is institutional racism and a violation of the rights

of the Plaintiff. People deserve more consideration when they take the time and effort to present clearly identifiable and meritorious facts and this was not afforded by Timothy Savage who the Plaintiff specifically trusted to provide justice at a critical time of peril.

## COUNT XIII

### Michael Chagares

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

112. Coming to the Third Circuit for immediate need of help in this eviction case and, the third circuit instead takes a month and a half to deliver an opinion that a high likelihood of success is required to succeed in a request for an emergency stay - in a matter where the Plaintiff has an expressed promise by the housing organization to make another unit available to them (F-24) and the other circumstances surrounding the case such as the unequal treatment based on medical condition.

113. This is a misrepresentation because there could not be a more clear case warranting at least an emergency preliminary stay of judgment - an impending eviction is what the procedure is most applicable to.

114. This misrepresentation using legalese and minor excuses to avoid the more substantive requirements of due process is institutional racism and deprivation of rights under color of the law in its clearest form and the Plaintiff accuses Michael Chargares of this with his signature on the Third Circuit order as evidence of this.

## COUNT XIV

### Luis Felipe Restrepo

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

115. Coming to the Third Circuit for immediate need of help in this eviction case and, the third circuit instead takes a month and a half to deliver an opinion that a high likelihood of success is required to succeed in a request for an emergency stay - in a matter where the Plaintiff has an expressed promise by the housing organization to make another unit available to them (F-24) and the other circumstances surrounding the case such as the unequal treatment based on medical condition.

116. This is a misrepresentation because there could not be a more clear case warranting at least an emergency preliminary stay of judgment - an impending eviction is what the procedure is most applicable to.

117. This misrepresentation using legalese and minor excuses to avoid the more substantive requirements of due process is institutional racism and deprivation of rights under color of the law in its clearest form and the Plaintiff accuses Luis Felipe Restrepo of this with his signature on the Third Circuit order as evidence of this.

## COUNT XV

### Thomas Kistler

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

118. Coming to Thomas Kistler both as a student discriminated against by students at their law school and as a wrongfully accused criminal defendant, Thomas Kistler has made an exceptional effort to deprive the Plaintiff of his rights under color of law by finding one excuse or another to find against them - specifically with the case involving his return to law school as well as the subsequent cases regarding the Plaintiffs opposition to the prohibition of cannabis.

119. Since then, Thomas Kistler has been arrested and charged for DUI in an incident where they allegedly hit a security officer and drove away - only to be found by police later. But the fact that he is not charged with Felony Hit-And-Run instead shows the type of institutional racism and corruption that exists within the Centre County system.

120. For their deprivation of open access to the courts at a time where the Plaintiff needed the fair and objective consideration of law, Thomas Kistler, deprived the Plaintiff of this opportunity and is therefore subject to this count of deprivation of rights under color of the law.

## COUNT XVI

### Pamela Ruest

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

121. Having heard the Plaintiff's arguments that the state need at least provide rational basis justification to the policy against cannabis - let alone strict scrutiny if a suspect class is shown - such as unequal treatment of African Americans and intent to harm them by the law (which the Plaintiff included in their litigation) - or for medicinal use (which the Plaintiff included in their litigation) - Pamela Ruest simply provided the Plaintiff with the insufficient statement that marijuana was illegal and that was it. This explanation, not satisfying the legal requirements to the claims made by the Plaintiff, constitutes obstruction of justice and deprivation of rights under color of law.

## COUNT XVII

### Pamela Ruest

### (Unequal Treatment Based On Medical Condition In Violation Of PHRA)

122. This is not the only deprivation - but also a specific and willful intent to harm the Plaintiff by drug testing him specifically through Order of the Court prior to conviction during the preliminary stages of litigation despite being told numerous times that the Plaintiff needed the substance for medicinal purposes and could travel to a state where it was legal to obtain it.

123. This constitutes unequal treatment with the intent to harm a person based on medical condition of which Pamela Ruest is specifically accused.

## COUNT XVIII

### Jonathan Grine

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

124. Specifically needing assistance with trial, such as figuring out the logistics of how the Plaintiff was going to present their evidence and their side of the case, Jonathan Grine carelessly find against the Plaintiff's motions to prepare for their case fairly constituting an obstruction of justice and deprivation of rights under color of the law.

## COUNT XIX

### Jonathan Grine Senior

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

125. After hearing 5 hours of evidence of how the Plaintiff sold cannabis to a person who claimed they needed it for chronic stress / anxiety - a condition cannabis is used for in many states at the present moment, Jonathan Grine Senior could not even afford the Plaintiff 5 minutes to present their defenses which not only included constitutionality defenses but reliance on information relating to the circumstances causing him to believe that he was "avoiding the

greater of two evils" which is an affirmative defense clearly represented in Chapter 5 of the Pennsylvania Crimes Code.

126. Without a chance to present testimony or a chance to legally argue, as the transcripts of the case clearly show, Jonathan Grine Senior finds against the Plaintiff and unlawfully deprives them of their rights under color of law.

## COUNT XX

### Bradley Lunsford

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

127. Filing a civil lawsuit to challenge the constitutionality of the unequal treatment of the Plaintiff by their peers at Penn State Law, Bradley Lunsford states that he is unsure whether the due process of law is enforceable in his state court as opposed to federal court and walks away from the case finding against the Plaintiff thereby constituting obstruction of justice and deprivation of rights under color of the law.

## COUNT XXI

### Gary Norton

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

128. Approaching Gary Norton with the serious issue of the prohibition of cannabis and presenting the constitutionality arguments directly from the constitutional law textbook, Gary Norton finds against the Plaintiff for cannabis thereby obstructing his access to justice and depriving the Plaintiff of their rights under color of law.

## COUNT XXII

### Thomas James

**(18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)**

129. Approaching Thomas James for numerous counts of fraud and misrepresentation at Bloomsburg University of Pennsylvania, Thomas James ignores the arguments made by the Plaintiff and deprives them of their fair and open access to the judicial system which is unlawful deprivation of rights under color of law.

## COUNT XXIII

### Jack Panella

**(18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)**

130. Appealing to the Superior Court of Pennsylvania and coming to face with Jack Panella specifically, the Plaintiff presented their valid constitutional argument supporting their position and pointedly shut down the condescending questions of Jack Panella and Anne Lazarus.

131. Lazarus asks - "why are you here and not across the hall" (referencing the legislature)

132. Plaintiff responds - "there are some lines that the legislature is not allowed to cross - such as making laws that infringe on the liberties of people".

133. Lazarus is silent.

134. Plaintiff proceeds with their oral argument and indicates the reasons why this policy is beyond the level of constitutionally acceptable for various reasons.

135. Jack Panella states at the end of oral argument that the Plaintiff should "lecture his constitutional law class" sometime.

136. The opinion issued by Jack Panella, with the signature of Anne E. Lazarus and William H. Platt, completely denies consideration of the entirety of the Plaintiffs arguments for the superficial reason of formatting and completely misrepresents the arguments of the Plaintiff.

137. While the Plaintiff argued that cannabis is a medical necessity in cases, Panella writes that the Plaintiff merely argued that it gives him pleasure.

138. This is a misrepresentation of the Plaintiff's arguments and therefore a deprivation of rights under color of law.


## COUNT XXIV

### Jack Panella

### (18 U.S. Code §242 - Fraudulent Representation)

139. The Plaintiff did not represent that cannabis merely gives people pleasure as a choice of liberty but in some cases it had essential medicinal uses as well - and instead of representing this - Jack Panella and his co-conspirators misrepresented the arguments of the Plaintiff in their Opinion and rejection of their appeal.

140. This false representation is made with the intent to deceive and constituents fraud.

## COUNT XXV

### Anne E. Lazarus

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

141. Contributing to the false representation of the Plaintiffs arguments in the Superior Court and obstruction of the Plaintiff's fair and open access to the Courts, Anne E. Lazarus is also accused of deprivation of rights under color of the law.

## COUNT XXVI

### William H. Platt

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

142. Silent in their observation of the Plaintiff during oral argument, it is precisely the old-minded thinking of William H. Platt that captures the attitude of institutional racism in the court system as experienced by the Plaintiff.

143. A party to the Plaintiff's original case to the Superior Court, William H. Platt, senior judge by the way, is the lead author of the subsequent Superior Court opinion issued in another cannabis case that the Plaintiff was involved in - in which the Plaintiff supremely refined their arguments from their previous experiences in the court and formatted the briefs in such a perfect way as to surely be in compliant with the rules of appellate procedure.

144. Heartbreakingly, William H. Platt issues an opinion denying the Plaintiff consideration of their brief as a whole for the simple reason that instead of framing their constitutionality issues as one subheading in the brief, the Plaintiff framed rational basis as one issue and strict scrutiny, the reasons it applies, and why it should be used in the case, as another subheading.

145. Such a disrespectful and inequitable consideration to the circumstances is precisely the institutional racism and deprivation of access to justice that the individuals in this case are accused of which includes William H. Platt - not only for the initial contribution to Jack Panella's Opinion -

## **COUNT XXVII**

### **William H. Platt**

### **(18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)**

146. But also his own independently authored opinion issued October 18, 2016 that supremely exemplifies the obstruction of justice caused by the institutional racism of these individuals that even Superior Court Justice Bowes dissented against.

## COUNT XXVIII

### Susan Gantman

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

147. For recklessly signing on to the opinion of William H. Platt depriving the Plaintiff of rights under color of the law, Susan Gantman is also accused of unlawful deprivation of rights.

## COUNT XXIX

### Thomas G. Saylor, Max Baer, Debra Todd, Christine Donohue, Kevin Dougherty, and David Wecht - The Supreme Court of Pennsylvania

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

148. Too busy accessing pornography, this Court is famous for its one line decision denying appeal even in cases where the facts greatly favor the appellant, thereby systematically depriving them of their rights and giving rise to the instant claim. Their actions and behavior damages the integrity of the law severely warranting relief in law and equity.

149. Specifically, when the Plaintiff made their appeals with supreme claims of constitutionality issues affecting the population as a whole, the Supreme Court owed the Plaintiff a duty to consider such a clearly supported case instead of the lazy nonchalant dismissal of valid cases that they systematically engage in every single day.

150. This contributes to the need of a complete auditing and restructuring of the Pennsylvania Court system for civil rights violations over the previous years as well as a restructuring of the system to ensure the protection of key constitutional principles.

151. For their numerous unjustified denials of such important questions of law, the members of this corrupted court are called to justice and their unlawful deprivation of rights under color of law.

## COUNT XXX

### Centre County Correctional Facility

### (In-humane Conditions)

152. The facility operates on a system that keeps inmates inside at all times with very limited access to sun and fresh air in violation of the constitutional rights of the inmates.

153. Furthermore, there is a specific section of the facility that keeps inmates under 24 hour fluorescent lighting which has been termed as inhumane and is also a violation.

154. Furthermore, the dieting conditions are of such poor quality that the health of every single person in the institution is guaranteed to suffer and such a poor effort in the meeting of diet needs of the facility is clearly a violation of rights.

## COUNT XXXI

### Columbia County Correctional Facility

### (In-humane Conditions)

155. With budgets for salaries and judges are in effect, the inmates at the Columbia County Correctional Facility face a much more limited food budget than other facilities and are thus providing insufficient arrangements of foods to be provided to the inmates which certainly constitutes a violation of their rights.

156. A restructuring of the conditions in both the Columbia and Centre County Correctional Facilities is demanded.

## COUNT XXXII

**John Roberts - Clarence Thomas - Ruth Bader Ginsburg - Stephen Breyer - Samuel Alito -**

**Sonia Sotomayor - Elena Kagan - Anthony Kennedy**

**(18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)**

157. Better than case number 15-1000 - could not have been presented for a Petition for Writ of Certiorari. The Supreme Court itself said that the issue of due process applied to pot was a viable claim in the concluding paragraph of **Gonzales v. Raich**, 545 U.S. 1 (2005):

> Respondents also raise a substantive due process claim and seek to avail
> themselves of the medical necessity defense. These theories of relief were set forth
> in their complaint but were not reached by the Court of Appeals. We therefore do
> not address the question whether judicial relief is available to respondents on these
> alternative bases. - Opinion by Stevens

158. But when the Plaintiff appealed to the Supreme Court of the United States to raise those very same questions in a very urgent context in various different cases including 15-1000 - the Supreme Court instead referenced the smallest little issues with the books that were prepared or the slightest little issue with the fonts in the book - so stuck up with themselves as to pay attention to the points that really matter - and the result was ultimately denied unlawfully which was the unlawful deprivation of the rights of the Plaintiff to a fair and unobstructed justice system. As a result, the Justitices that constitute the Supreme Court at the time of those appeals are also being named as defendants in their individual capacities in the instant case for their unlawful deprivation of rights under color of law.

## COUNT XXXIII

**Stacy Parks-Miller**

**(18 U.S. Code §242 - Deprivation of Rights Under Color Of Law / Malicious Prosecution)**

159. With no consideration to the Plaintiff and their circumstances, and in fact, fully aware of the Plaintiff and their circumstances, Stacy Parks-Miller, former district attorney of Centre County, Pennsylvania, proceeded to maliciously prosecute the Plaintiff, not for the severity of their actions - selling some Plaintiff's own weed to someone who claimed to really needed it - but instead for their political opinions and opposition to discrimination.

160. Instead of granting justice to the issue - of the pot sale that no one was hurt during - she instead chose to point to the Plaintiffs opposition to discrimination at Penn State Law as the reason that the Plaintiff should be denied bail - and the Plaintiff was indeed denied bail and spent three months incarcerated until they were afforded another opportunity to be heard on the modification of bail.

161. The most serious issue with this conduct is the fact that instead of the actual merits of the case being used to prosecute the individual, irrelevant and outside circumstances are being used to influence decisions and outcomes in the justice system in an unlawful and unconstitutional way.

162. I hereby accuse Stacy Parks-Miller of this unlawful malicious prosecution causing the deprivation of rights under law.

## COUNT XXXIV

**Jessica Lathrope**

**(18 U.S. Code §242 - Deprivation of Rights Under Color Of Law / Malicious Prosecution)**

163. "Isn't it true that you're *proud* of your use of marijuana".

164. Proud of how cannabis is a superior source of pain relief, no. Somewhat proud of my discovery that cannabis is a superior source of pain relief, who wouldn't be proud of such a discovery. Proud of my religion and identification with a culture that uses pot - not even.

165. For those of us with actual wisdom in the world, it is foolish to be proud of anything due to the insignificance of everything that we are and do. Luck is the more accurate term to describe our existence in the vastness and coldness of space.

166. Shame is the more present emotion - the opposite of pride - and the question then becomes whether or not I am ashamed of my use of pot medicinally and my stand for it - not ashamed either.

167. But when it comes to the malicious prosecution, discrimination based on medical condition, discrimination based on religion, retaliation in opposition to discrimination, and the deprivation of rights that Jessica Lathrope is accused of in this case, I can hardly say that anyone would be proud of such an accusation.

168. Jessica Lathrope specifically and pointedly attacked me and prosecuted me for a bogus case of felony trespass that even the officer admitted I was invited to - specifically to harm the Plaintiff as who he was - instead of bringing justice to the case - specific elements of false arrest / malicious prosecution - and the evidence of this is in the preliminary transcript of the hearing.

169. For the reasons mentioned in the preceding paragraphs, I hereby accuse Jessica Lathrope of unlawful deprivation of rights under color of law.

### COUNT XXXV

**Ashley Delker**

**(Discrimination Based on Medical Condition - False Imprisonment)**

170. With the opportunity to finally escape this bogus incarceration for felony trespass to finally pursue my innocence - Ashley Delker, the probation officer at the time - comes into the Court Room and testifies that the Plaintiff needs an extra 2.5 months of incarceration to "think about how much marijuana has brought him back" when Ashley Delker knew of the Plaintiff's medical condition and non-abusive use of pot.

171. The act was in pure hatred of the Plaintiff's culture and identity as well as his medical status that warrants the use of cannabis as a superior form of pain relief.

172. The specific actions of Ashley Delker caused the unnecessary additional incarceration of the Plaintiff for matters that were bogus to begin with.

## COUNT XXXVI

### Emilia Rigazza - Chester County Probation

### (Discrimination Based on Medical Condition)

173. With the release of the Pennsylvania Medical Cannabis cards imminent, Probation Officer Ragazza assigned to Plaintiff in his home county of Chester County is told 6 months prior to the release of the cards that they should be accepted by the probation department as any other prescription.

174. When the time comes for the cards to be released, the officer specifically states during their meeting with the Plaintiff in a broken spanish accent "we no gonna assept those when they come out - we can do what we want".

175. This act of unequal treatment triggered the Plaintiff's movement to a different country - one that would be more respectful of people based on their medical status.

176. The actions of Emilia Ragazza constitute discrimination based on medical condition causing damages to the Plaintiff.

## COUNT XXXVII

**Carmine W. Prestia, Gillette-Walker, Allen Sinclair, Thomas Jordan, and Steven Lachman**

**(18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)**

177. These magistrates are particularly abusive in their issuance of bails which are typically completely disproportionate to the crimes that the person has been accused of as well as their evaluation of evidence during the preliminary hearing stages of the trial.

178. Bail and preliminary hearing as well as the standards used during these essential stages of the criminal justice process are a fundamental part of the American Justice system and its principles including that of innocent until proven guilty.

179. The systematically unfair and institutionally racist practice of the aforementioned individuals in their deprivation of the rights of people under color of law as they have done to the Plaintiff specifically in their mishandling of their preliminary and bail hearing issues constitutes the specific type of institutional racism advocated against in this case and reform in this area is demanded.

## COUNT XXXVIII

**Matthew Golla - Bloomsburg Police**

**(18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)**

180. Seeing the Plaintiff protesting injustice in Bloomsburg, Officer Golla approached the Plaintiff unlawfully and arrested him for disorderly conduct for not following the

command of Officer Golla to stand in a location that would not be as visible and thereby impact my protest that I was conducting for numerous days safely. The intent was to use the system of law to overwhelm the Plaintiff with litigation and criminal charges to smear their reputation without any reason or justification.

181. What took place after was Golla gathering people to testify against the Plaintiff from the local inbred Bloomsburg town population that the Plaintiff, a law student, was 'erratically dancing' in the street. Obviously, I would never erratically dance while conducting a protest and certainly the testimony was false. But due to the prosecution of Golla and the institutional racism of Norton, they were able to maliciously prosecute the Plaintiff for disorderly conduct in violation of the Plaintiffs rights.

## COUNT XXXIX

### Russel Lawton

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

182. For their contribution to the deprivation of rights under color of law of the Plaintiff by Defendant Golla.

## COUNT XL

### Gary Norton

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

183. For the Disorderly Conduct deprivation of the Plaintiff's rights under color of law.

## COUNT XLI

### Best Buy And Dell

### (Conspiracy To Deprive Consumers Of Property - Bait And Switch / Breach Of Contract)

184. Best Buy is an organization that was sued by the Attorney General in Connecticut for unjust enrichment and taking advantage of consumers in Connecticut. The organization has an extensive history of deceiving consumers one way or another. The entire premise is that consumers will often give up what they have been scammed of rather than taking the time and effort to go through the purposely extended process of being able to acquire justice through their processing. Whether it is some scam on a deal for free Beats by Dre sound equipment with a purchase that later turns out to not exist, or the sale of a 60hz TV as a 120hz TV according to consumer testimonial highly rated on Youtube, the organization is known for being very negligent in its advertisement practices when it comes to truthfulness and accuracy. This is precisely what happened in this matter.

185. Best Buy takes advantage of the lack of specialized knowledge in the field of electronics and consumer protection rights, producing all sorts of very colorful schemes to entice consumers into their stores where they are then defrauded in one way or another. Consumers coming to their stores thinking they are receiving a "Best Buy" are in fact being scammed more than they can imagine.

186. It is in the interest of the Best Buy organization to scam consumers in this way, not only for the increase in its sales when its industry as a whole struggles to stay afloat, but also due to the establishment of its most recent supplemental trade, tech specialists. Immediately upon finding out they have been scammed or deceived in one way or another by receiving a product that is defective in some way, consumers are immediately referred to the repair specialists division in the store known as the "Geek Squad". Clearly if product are breaking that the organization is selling it will be beneficial to this subdivision

- of an organization in an industry that is clearly being destroyed by the online retail industry. This is a case of one of the last major specialty retail vendors remaining in the industry because the industry itself is inefficient compared to online retail and direct-from-manufacturer purchasing. The problem in this case is the egregious defects in the products of the organization and the very aggressive and malicious nature of the organization in the way it pushes this "Geek Squad" service onto Pennsylvania consumers - poor and innocent mothers and fathers and elderly folk who simply have no idea of the kind of entrapment they are being led into. The organization deceives in its advertisement and in the quality of its products sold - new as used and new as broken.

187. An extensive history of over 10 years of cases and evidence exists against Best Buy and it is critically important that they be brought to justice for this before even more Pennsylvania consumers are victimized in the same way.

188. Convincing evidence lies in the same advertisement used in February 2018 that the Plaintiff sued for in June 2018 being up and running in July 2018 with the same bait-and-switch entrapment in place as evidenced in the appendix of this complaint. Under no circumstances should an advertisement remain published and displayed when an organization has just been sued, not only for the product sold being defective as new, but for the fraudulent representation that there was in fact an in-store only deal for a computer at a much lesser price.

189. Plaintiff was enticed into the store with a deal that was certainly too-good-to-be-true when, after searching extensively in the market for a powerful desktop computer, found a deal for such a computer for $380 in store only at Best Buy. Purchasing the same, from

even Dell themselves would be for $500 or more, and so this was the specialty deal that the Plaintiff needed for his purposes where are personal in nature and do not rise to the level of commerce that would warrant commercial use. The Plaintiff merely used to broadcast personal content as any other average consumer would typically use a computer for. Used only in the way a standard consumer would use a computer, the use was not commercial in the standard sense of the term meaning in a formal physical business utilized to process many physical transactions and exchanges at once. This is merely the equivalent of being used to skype regularly with people - a very consumer-like use and therefore protected under consumer protection law.

190. Dell, also a party to the lawsuit, has done nothing to stop the actions of its distributor and therefore has the burden of proving that it is not willfully and knowingly engaged in this practice of spamming and deceiving consumers, let alone manufacturing defective products intentionally to entice consumers to buy more as well as producing computers that infringe on the privacy of consumers by automatically collecting personal information on consumers. The computer comes with complete access of all information by the organization as evidenced in the Plaintiffs experience when trying to return the computer through Dell as well as spyware, malware, and other hacking instruments to obtain, record, and store data on users - a complete violation of the privacy of Pennsylvania consumers

191. A reasonable consumer would understand that the computer offered for $380 would be available in store and in this case on February 22, 2018 it was not. A reasonable consumer would not be prepared for the very carefully planned tactic of switching the

consumer on to a $500 similar product which is the very nature and definition of what a Bait and Switch Scam is supposed to do. Having spent the time and money on transportation to the store, as well desiring the item for same day use as well, the pressure on the reasonable consumer to buy the item is more than it is not which is precisely the unjust enrichment that Best Buy is attempting to take advantage of with this arrangement of circumstances. While it may be argued that when it happened to the Plaintiff in February 2018 was an accident or mistake, the same exact ad with the same exact computer missing in July 2018 after the Defendants were sued for the matter in June 2018 in the district court is evidence that shows more than merely a simple mistake.

191. It is without a doubt that Best Buy's statements with respect to the computer rates were materially misleading because the product advertise was not available in store on more than one occasion. Instead, consumers like the Plaintiff and the witness available in this case are immediately switched on to the higher product which is precisely what its associates are trained by the administration to do.

192. Best Buy knows full well that the computers and items advertised are not available and instead continues to pollute the streams of advertisement with these defective deals to entice consumers into their store where they are much more pressured to make a purchase rather than online where the competition is higher in both quality and rates so that it can reap additional profits in an industry that is substantially on the decline without regard to the wellbeing of Pennsylvania's consumers. As such, Best Buy's actions were actuated by actual malice or accompanied by wanton disregard for consumers' well-being.

193. Best Buy's misstatements and omissions caused injury to the Plaintiff because he believe that the rate he was going to obtain the computer at was going to be much lower than the market rate. Plaintiff would not have made the trip to Best Buy's store had it not been for this misrepresented offer that existed on more than one occasion. Furthermore, the product that the Plaintiff purchased as new arrived unfit for regular use as it would freeze and overheat regularly as a record kept by the Plaintiff signed and dated with each incident indicates. The computer froze and heated over 30+ times in the month of April 2018 directly in the middle of the Plaintiff's use causing him the loss of time on his projects.

194. Defendant's violations of Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 P.S. ("UTPCPL.") *et seq*. And the common law are applicable of the Class, and Plaintiffs are entitled to have Defendant enjoined from engaging in deceptive conduct in the future.

## COUNT XLII

### Best Buy And Dell

### (Conspiracy To Deprive Consumers Of Property - Bait And Switch / Breach Of Contract)

195. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein, and further alleges:

196. 73 PS § 201 *et seq*. Declares unlawful "unfair methods of competition and unfair or deceptive acts or practice in the conduct of any trade or commerce…"

197. Best Buy knowingly and willfully misrepresented to Plaintiff and the Class that Best Buy's rates would be lower than standard market conditions on various occasions,

particularly in store only as well, when in fact its rates are not what are advertise and in fact may be higher or non-existent at all.

198. Defendant knowingly and willfully failed to inform consumers of the material fact that Best Buy's rates are substantially higher than those otherwise available in the market and intends that consumers rely upon the deception.

199. Defendant's deception caused Plaintiff and the Class to pay substantially higher rates than those otherwise available in the market and also acquire products that were inferior in quality.

200. Through the conduct described above, Best Buy has engaged in deceptive acts and practice that resulted in injury to Plaintiff and the other members of the class.

201. By reason of the foregoing, Best Buy has violated the UTPCPL and should be enjoined from continuing to misrepresent its rates to Pennsylvania consumers and compensate consumers for its misrepresentations of the past.

202. Defendant is also liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorney's fees and costs as well as the lost output of the Plaintiff as a specialty writer having to spend time litigating this case instead.. Countless hours have been wasted in the form of computer restarts, going to and from court, as well as drafting documents.

## COUNT XLIII

### Best Buy And Dell

### (Breach of Contract)

203. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein, and further alleges:

204. Plaintiff and the class entered into a valid contract with Best Buy for the provision of goods and / or services.

205. Pursuant to the Agreement, it is upon information and belief Best Buy agreed to charge a variable rate for its products unlike the rates it had advertised to consumers.

206. As per the agreement, Plaintiff and the Class paid variable rates and also received product in quality not as described.

207. Best Buy failed to perform its obligations under the Agreement because Clearview charged variable rates for products that were not as represented in the advertisement and the products that it did deceivingly push on to consumers ended up being defective and broken nonetheless.

208. Plaintiff and the Class were damaged as a result because they were billed, and they paid a charge for products substantially higher than what was advertised and more likely than not would not be making the purchase from Best Buy should the accurate information of the transaction be represented truthfully.

209. By reasons of the foregoing, Clearview is liable to the Plaintiff and the other members of the Class for the damages that they have suffered as a result of the Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees.

## **COUNT XLIV**

### **Best Buy And Dell**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

210. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein and further alleges:

211. Every contract in Pennsylvania contains an implied covenant of good faith and fair dealing in the performance and enforcement of the contract. The implied covenant is an independent duty and may be breached even if there is no breach of contract express terms.

212. Under the contract, Best Buy has unilateral discretion to set the variable rates for its products as it chooses.

213. Plaintiff reasonably expected that the rates reflected in the advertisement would be available in store especially because the advertisement said in-store only. Without this reasonable expectation, Plaintiff and other Class member would not have agreed to buy electricity from Defendant Best Buy.

214. Defendant Best Buy breached the implied covenant of good faith and fair dealing by arbitrarily and unreasonably exercising its unilateral rate setting to price gouge and frustrate Plaintiff and other Class members' reasonable expectations that the rates for products be as advertise and be in the quality in which they are advertised.

215. Defendant acted in bad faith when best Buy made contractual offers to produce the referenced products for the rates advertised knowing full well that its rates where substantially higher than rates that are actually based on the advertisements and yet the advertised rates being substantially lower than any of its direct competitors.

216. This mistake happens on a regular basis with Best Buy, as evidence more recently obtained shows, ironically, and advertisement mix up that confuses consumers into believe that some products exist at a certain rate when they in fact do not. Only so many mistakes can exist before it becomes clear that bad faith is present.

217. As a result of Defendant's breach, Defendant Best Buy is liable to Plaintiff and other Class members for actual damages in an amount to be determined at trial and attorney's fees.

## COUNT XLV

### Best Buy And Dell

### (Unjust Enrichment)

218. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein, and further alleges:

219. By engaging in the conduct described above, Best Buy has unjustly enriched itself and received a benefit beyond what was contemplated in the contract, at the expense of Plaintiff and the other members of the Class.

220. It would be unjust and inequitable for Defendant to retain the payments Plaintiff and the Class made for excessive product charges and for products of misrepresented quality.

221. By reason of the foregoing, Best Buy is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, amount of which shall be determined at trial, plus attorneys' fees.

## COUNT XLVI

### Barbara S. Gilbert

**(18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)**

222. Entitled to relief at least in the form of a refund for the computer that arrived broken,

Barbara S. Gilbert proceeded to completely disrespect the Plaintiff in front of the attorney that

they hired for the small claims case by insulting his integrity for truthfulness without reason and

telling him to "read a newspaper" not considering that the Plaintiff, a 2018 CEO, is perhaps

environmentally friendly and uses more modern methods of obtaining information. The sheer

level of disrespect and condescending attitude resulted in a finding completely against the

Plaintiff, who did nothing wrong but get misled into buying an item higher priced than what was

advertised and had that item arrived broken, after which both of the contributors to the product,

Best Buy that promises a 1 year Dell warranty and Dell that says the computer was sold to Best

Buy and therefore theirs, completely beyond what is acceptable in any agreement between two

people that certainly judgment in the form of a refund was the minimal outcome.

223. Instead, Barbara S. Gilbert chose to act as a disrespectful and condescending way thereby

depriving the Plaintiff of their rights to an open and just court system in violation of federal law

which makes them a defendant in this case.

## COUNT XLVII

### Gary S. Glazer

**(18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)**

224. Spending a substantial amount of effort to bring the case against Best Buy and Dell in

the Court of Common Pleas, Gary S. Glazer of the Philadelphia Court system dismisses

the claims against the Defendants in full citing some institutionally racist excuse for doing

so, leaving the Plaintiff to appeal the decision to the Superior Court - more litigation - more money - exactly the type of tie up in litigation these judges want people to get into.

225. The reason denying the case was the Plaintiff stated that the computer was bought for business purposes - as in to finish up his project of proving his innocence to get back into law school - not business in the sense that I'm using the computer for a restaurant - and it was later found in the research that the IRS has specific considerations for what constitutes business and what constitutes consumer. Unless Plaintiff is expected to make $10,000+ in profit per year from the activity then the activity is not considered business and instead - personal.

226. Gary S. Glazer, knowing this, still chooses to find against the Plaintiff to tie them up in endless corrupted appellate litigation to protect the big corporation Defendants and find against the Plaintiff litigant thereby depriving the Plaintiff of fair and open access to the justice system and constituting and unlawful deprivation of rights.

## COUNT XLVIII

### Edward Murphy

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

227. No thorough conspiracy is complete without its legal instruments and that is precisely the role Edward Murphy serves for Dell who, with an admitted long history with Barbara S. Gilbert, was able to use his influence to secure a judgment in favor of Dell despite offering no evidence in support of their position at all.

228. The specific role Edward Murphy plays in this comprehensive system of institutional racism that deprives people of their rights makes Edward Murphey a contributing member of this deprivation of rights under color of law.

## COUNT XLIX

### Catherine Contino

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

229. Serving for Best Buy's interest in this conspiracy to deprive consumers of their rights, Catherine Contino as well as the Margolis Edelstein organization are named as Defendants in this case as well.

## COUNT L

### Allison DeMedeiros

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

230. Serving as Golf Club Apartment and Harbor Groups' Attorney in the state level litigation depriving the Plaintiff of their rights under color of law, Allison DeMedeiros is also named as a Defendant in the instant case as well.

## COUNT LI

### William Abraham

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

231. For their role in the prosecution of the Plaintiff despite their knowledge of the Plaintiff's position and the unlawfulness of their actions, William Abraham from the Drug Strike Force in Wilkes Barre, PA is named as a Defendant in this case as well.

232 William Abraham specifically yelled at the Plaintiff for pursuing this constitutionality claim and called him "an embarrassment to his law school" and "an embarrassment to (his) mother" who was present in the room.

233. Such disrespect constitutes an interest besides actually providing justice to the issue which is an element of malicious prosecution and deprivation of rights under law.

## COUNT LII

### Malachy E. Mannion

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

234. Coming to the Middle District Court with a clear case of constitutionality and unequal treatment in violation of the constitution, the Court, voiced by Malachy E. Mannion, continued to voice the opinion that there was no merit to the Plaintiff's claims despite there being clear basis for the Plaintiff's claims in the form of evidence and facts.

235. Specifically, Mannion continually represents that the Plaintiff is not allowed to sue governmental organizations when the law clearly states that governmental organizations can be sued for violations of due process and equitable relief.

236. Despite these points being clearly made, Mannion continues to instead find against the Plaintiff and makes him to continue litigating in a corrupted system.

237. For their actions, Malachy E. Mannion is named as a Defendant for their contribution to the Deprivation of rights under color of law through their depriving of the Plaintiff of their access to the open and fair justice system.

## COUNT LIII

### Susan E. Schwab

**(18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)**

238. Similarly, ignoring all of the constitutional points and principles named by the Plaintiff, this court representative instead chooses the most obscure and ineffective points to result in findings against the Plaintiff which are a sheer misrepresentation of the Plaintiff's points advocated for and obstructs the Plaintiff's fair and open access to the Courts resulting in their inclusion.

## COUNT LIV

**Brandon Morgan**

**(18 U.S. Code §249 - Hate Crime)**

239. Expressing a protest sign on the balcony of the premesis at Golf Club Apartments, Brandon Morgan with another individual comes and tears down the protest sign. When attempting to pull the sign fabric, Morgan and their accomplice pull harder on the sign, brusing the Plaintiff's right middle finger and fully tearing the sign down. Then, as the two threatened the Plaintiff with physical violence in the form of 'kicking their face in', the Plaintiff called the West Goshen Police Department which immedietly sent an officer to the location. Brandon Morgan was arrested for criminal mischief and disorderly conduct.

240. The actions of Brandon Morgan and their accomplice constituted a much more serious crime defined in the United States Code as - Hate Crime in which a person attacks another or threatens to attack another and / or cause them serious bodily harm based on their race, religion, disability, or other protected status.

241. When Brandon Morgan and his accomplice came to the Plaintiff's premises and threatened to inflict physical violence upon him, and actually harmed the Plaintiff by bruising him and

almost flipping him over the balcony upon which the sign was displayed, Brand Morgan and their accomplice actually violated this statute that protects against hate crimes.

## COUNT LV

### Donald Paul

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

242. Despite the Plaintiff visiting the State College police department numerous times to discuss the urgent medical needs of cannabis patients in Pennsylvania and the need to provide them with a source of safe access for their medication, Donald Paul still chose to act against the advice of the Plaintiff and arrest / prosecute him for his justified distribution of cannabis to patients that needed it which gives rise to the instant claim of deprivation of rights under color of law.

## COUNT LVI

### Jake Corman

### (18 U.S. Code §242 - Deprivation of Rights Under Color Of Law)

243. After years of investigation and a talk about the 'rational congressman' and what kind of rational congressman thinks pot is as harmful or dangerous as alcohol or opioids, finally, a discussion of the legalization of pot reveals a lead culprit behind this institutional racism, Jake Corman, who is in the newspaper spreading falsehoods such as pot being a 'dangerous, mind altering narcotic' when in reality the alcohol that caused his 1995 DUI conviction is much more dangerous in nature.

244. The sheer ineptitude, mixed with the incompetence and undue influences from private prison corporations and alcohol / tobacco companies as well as the continuous representation of falsehood - namely that pot is as dangerous as alcohol or opioids - is a deprivation of rights under

color of law in and of itself in that Jake Corman has a responsibility to represent the truth and by representing cannabis as they are - they are instead depriving the citizens of their rights under color of law.

## COUNT LVII

**Golf Club Apartments, The Harbor Group International, Nicholas Lippencott, William Kraut, Robert Shenkin, Edward Griffith, Mark Tummel, Timothy Savage, Michael Chagares, Luis Felipe Restrepo, Thomas L. Ambro, Cheryl Ann Krause, Kent A. Jordan, Malachy E. Mannion, Susan Schwab, Thomas J. Kistler, Pamela Ruest, Jonathan Grine, Jonathan Grine Senior, Jeffrey Jones, Matthew Golla, Donald Paul, Stacy Parks-Miller, Jessica Lathrope, Carmine W. Prestia, Gillette-Walker, Allen Sinclair, Thomas Jordan, Steven Lachman, Russell Lawton, Thomas James, Gary Norton, Barbara S. Gilbert, Gary S. Glazer, Jack Panella, Anne Lazarus, William Platt, Susan Gantman, Thomas G. Saylor, Max Baer, Debra Todd, Christine Donohue, Kevin Dougherty, David Wecht, John Roberts - Clarence Thomas - Ruth Bader Ginsburg - Stephen Breyer  Samuel Alito - Sonia Sotomayor - Elena Kagan - Anthony Kennedy, The Commonwealth of Pennsylvania and the United States**

**(18 U.S. Code §1961 - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS)**

245. The complexity of this organized system of institutional racism is a driving force in what allows it to persist.

246. By making it so difficult to identify who is culpable, the institutional racism can persist and continue.

247. Ruest blames the Congressman Corman - Corman cites falsehood - Lathrop and Parks Miller prosecute while Grine convicts - Platt and Panella affirm, Supreme Court ignores, and that, all together, is the complex system of institutional racism that is practiced by the individual defendants named in this litigation which represent the justice systems of Commonwealth of Pennsylvania and the United States of America.

248. Scandal after scandal, violation after violation, corrupted conspiracy to deprive and circumvent the rights of an innocent defendant without a defense, these individuals are the single greatest threat to the United States today.

249. By taking the very core and fundamental values that represent everything the United States is supposed to be, including the 14th Amendment which guarantees everyone the due process of law, and completely circumventing them, these individuals violate their oaths to the U.S. Constitution with each action they take.

250. From the misrepresentation of facts, to the miscatagorization of evidence, these individuals act knowingly and intentionally with regards to their respective roles in this criminal conspiracy to deprive mostly minorities and people of lower socioeconomic classes of their rights under the law and do so in order for them to remain in power and to fulfill their deep inherent racist and prejudicial attitudes towards people.

252. Before my parents, before my friends and family, before my peers and colleagues, the tortfeasors in this case have time and time again damaged my reputation in the eyes of those I love most and it is for this that I am calling them into account. I repeatedly

advocated for the fair and just application of the law, only to run into these insolent elitist narcissistic tortfeasors depriving liberties under color of the law.

251. Doing so is among the highest violations of law that can take place in the United States and I, Amro Elansari, hereby challenge these unlawful actions to the fullest extent of the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a.  Issue an order certifying the Class defined above with regards to the U.S. and Commonwealth of Pennsylvania claims as well as the Best Buy and Dell Claims, appointing the Plaintiff as Class Representative; and to also consider appointing additional counsel to assist in the procedural aspects of this litigation.

b.  Find the Defendants has committed the violations of law alleged herein;

c.  Find that Defendants have knowingly, willfully, and intentionally committed the violations of law alleged herein through explicit notification by the Plaintiff on numerous occasions;

d.  Determine that Defendants have unlawfully harmed the Plaintiff as a result of their wrongful conduct, and enter an appropriate order awarded restitution and monetary damages to the Plaintiff and / or Class; depending on the context

e.  Determine that Defendants breached their obligations in their respective manners and enter an appropriate order awarding monetary and injunctive relief;

f.  Enter an order granting all appropriate relief on behalf of the Class under the applicable state laws;

g.  Render an award of compensatory damages, the amount of which is to be determined at trial;

h.  Render an award of punitive damages;

i.  Enter a judgment including interest, costs, reasonable attorneys' fees, costs and expenses; and

j.  Grant all such other relief as the Court deems appropriate. Specifically, the Plaintiff is calling for a complete seizure and monitoring of the corrupted Pennsylvania judicial institution similar to the Chicago Police Consent Decree to prevent terrible abuses of justice from taking place as evidenced in this case and to perhaps consider designating a Supreme Arbitrator of Pennsylvania to rule over the decisions of the Supreme Court of Pennsylvania and its lower courts to help combat the injustices that are presently impacting citizens through this very day.

k.  A letter of apology from each of the Defendants be issued to the Plaintiff's friends and family members indicating that it is not the Plaintiff who is incorrect or over litigious but instead the misconduct of each of the Defendants that has given rise to these cases.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully Submitted,



Dated: January 31, 2010

Amro Elansari
Liberty And Justice For All